Juan Carlos **GONZALES,** Appellant,

v.

**TEXAS WORKERS' COMPENSATION FUND,** Appellee.

No. 14–96–00020–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 29, 1997.

---

Sean Patrick Tracey, Otto D. Hewitt, III, Houston, for appellant.

Diana V. Shelby, Scott Kidd, Houston, Jeff R. Boggess, Mary B. Nichols, Austin, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

**OPINION**

HUDSON, Justice.

This is an appeal from a summary judgment. Appellant, Juan Carlos Gonzales, sued the Texas Workers Compensation Fund (the Fund) and his employer, North Shore Supply Co., for conspiracy, malicious prosecution, deceptive trade practices, insurance code violations, and breach of their duty of good faith and fair dealing in handling his workers' compensation claim. The Fund was awarded an interlocutory summary judgment which was then severed from the case so as to become final. Appellant brings three points of error asserting that the Fund failed to carry its burden of proof, the trial court misapplied the summary judgment rules and standards, and there were genuine issues of material fact. We affirm the judgment of the trial court.

The record before this Court shows that around two or three o'clock on the afternoon of April 2, 1993, appellant and his co-worker, Miguel Escalante were loading I-beams with an overhead crane. Appellant claims he was injured when one of the beams shifted, striking a glancing blow to his hand. Escalante was standing within two or three feet of appellant, but did not see or hear the accident. He did, however, say that he saw appellant shaking his hand. Appellant said nothing about being hurt, and both men continued to work for the remainder of the afternoon. Appellant then went home for the weekend. He reported this injury when he returned to work the following Monday.

Stanley Katz, vice-president of North Shore Supply, met with appellant. Appellant's hand was extremely swollen, and Katz stated that he was suspicious of the report because no one had reported the injury at or near the time it allegedly occurred. Moreover, he doubted that appellant could have worked the rest of his shift with so severe an injury. Manuel Perez, appellant's foreman at North Shore, said that he frequently reminds his workmen that they must immediately report work-related injuries to their supervisors. Appellant, however, reported no injury on Friday. Moreover, Perez said that because of the great size and weight of

the I-beams, he would have known if one of the beams had shifted or fallen.

Appellant maintained that he was injured on Friday and the condition of his hand worsened over the weekend. Appellant's wife confirmed that she found him with a swollen hand when she came home from work Friday evening. However, Irma Yvette Garcia, a friend of the appellant, related that appellant visited her home during the weekend following the accident. She claimed appellant said he hurt his hand working on a car but that he planned to report it on Monday as an on-the-job injury. She said several of those present, including her husband and appellant's parents, encouraged appellant to do so.

Mark Alvarez, one of appellant's co-workers, recalled that on the weekend following the alleged accident he tried to contact appellant by phone. Appellant's wife told Alvarez that appellant was working on the car and could not come to the phone. When Katz learned that appellant may have injured his hand while working on his car, he contacted the Fund's claim investigators. As a result of the Fund's investigation, appellant was indicted by a grand jury for falsely obtaining workers' compensation benefits. Appellant, however, was acquitted of these charges, and he subsequently commenced this cause of action against the Fund and his employer. While the case was pending in the trial court, the Texas Workers' Compensation Commission considered and rejected appellant's underlying claim for benefits. Both the administrative hearing officer and the commission appeals panel ruled in favor of the Fund, concluding that appellant did not sustain an injury in the course and scope of his employment. The Fund's motion for summary judgment in this case was granted on September 20, 1995.

To be entitled to a summary judgment under TEX.R. CIV. P. 166a(c), the movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing the award of a summary judgment, this Court must take as true all evidence favorable to the non-movant. *Id.* When, as here, the summary judgment order does not specify the ground or grounds on which it is based, we will uphold the order on any ground asserted by the movant that is meritorious. *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 79 (Tex. 1989).

■ The Texas Supreme Court has recognized a duty on the part of insurers to deal fairly and in good faith with their clients. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987). Further, the court has specifically recognized such a duty in the context of a claim for worker's compensation benefits. *Aranda v. Insurance Co. of North Am.*, 748 S.W.2d 210, 212–13 (Tex.1988). Thus, the failure of an insurer reasonably to investigate a claim by an insured can constitute a breach of the duty of good faith and fair dealing. *See Ramirez v. Transcontinental Ins. Co.*, 881 S.W.2d 818, 826–27 (Tex.App.—Houston [14th Dist.] 1994, writ denied). A claimant who seeks to show that his insurer acted in bad faith must demonstrate that: (1) the workers' compensation carrier had no reasonable basis to deny or delay payment of benefits; and (2) the carrier knew or should have known that there was no reasonable basis for denying or delaying payment of the claim. *Aranda*, 748 S.W.2d at 213.

■ The gravamen of appellant's complaint is that, after his employer learned of the alleged deception and reported it to the Fund, the Fund then conspired with his employer to conduct a superficial, result-oriented investigation designed to wrongfully deny him workers' compensation benefits. Specifically, appellant complains the Fund should have conducted background checks and explored the motives of the witnesses against him. Appellant contends that Garcia's testimony might have been due to either jealousy or anger motivated by his recent marriage. He also implies that Alvarez fabricated his testimony because appellant had not repaid a fifteen-dollar debt. Appellant contends that if the fund had conducted an appropriate good-faith investigation (1) this evidence would have been discovered, (2) the witnesses against him would have been im-

peached, and (3) his benefits would have rightfully been paid. We disagree.

The Fund's investigators conducted interviews and took statements from Ms. Garcia as well as appellant's co-workers Alvarez, Perez, and Escalante. The Texas Workers' Compensation Commission, notwithstanding the evidence offered by the appellant to discredit his accusers, determined that he did not suffer an injury in the course and scope of his employment. The Commission's Appeals Panel later affirmed this determination.[1] The Commission's findings were before the trial court as part of the Fund's summary judgment evidence. A decision of the Commission, after the time for appeal has passed, operates as a final judgment on parity with the judgment of a court. *See Anderson v. New York Underwriters Ins. Co.,* 613 S.W.2d 16, 18 (Tex.Civ.App.—Texarkana 1981, writ dism'd); *Moore v. Means,* 549 S.W.2d 417, 418 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

Although these circumstances do not necessarily establish to a legal certainty that appellant suffered no on-the-job injury, they are sufficient to sustain the summary judgment in this case. To negate appellant's allegations that the Fund acted in bad faith with regard to his claim, the Fund need only show that it had a reasonable basis for denying the claim. The findings of the Commission confirm that there was indeed a reasonable basis for denying the claim, and such a finding has been held to constitute a determination that an insurer reasonably investigated a claim. *Plattenburg v. Allstate Ins. Co.,* 918 F.2d 562, 564 (5th Cir.1990). Thus, the trial court properly awarded summary judgment as to appellant's bad faith claims.

As to appellant's remaining causes of action, the legislature has granted the Fund, its board of directors, and employees statutory immunity in any civil suit for an act taken in good faith. TEX. INS.CODE ANN. art. 5.76–3 § 11(f) (Vernon Supp.1997). Finding that the Fund did not act in bad faith with regard to appellant's claim, we hold that the Fund is immune from liability under appellant's re-

maining theories of recovery. Appellant's first, second, and third points of error are overruled.

The judgment of the trial court is affirmed.

---

1. The decision of the Commission's Appeals Panel was not appealed and has become final. *See*

TEX. LAB.CODE ANN. § 410.205(a) (Vernon 1996).