Michael R. HULSHOUSER, Appellant,

v.

TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellee.

No. 05–03–00906–CV.

Court of Appeals of Texas, Dallas.

July 30, 2004.

John Robert Howie, Jay K. Gray, Gray Law, LLP, Bedford, for appellant.

David P. Boyce, Austin, for appellee.

Before Justices O'NEILL, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice O'NEILL.

Michael Hulshouser sued the Texas Workers' Compensation Insurance Fund (the Fund) for bad faith, asserting its denial and delay in compensating him for his initial hernia injury aggravated that condition. The trial court granted summary judgment for the Fund on the ground that any harm resulting from the Fund's delay in accepting compensability of the hernia condition was part of the compensation claim and thus barred by the exclusive remedy provision of the Texas Workers' Compensation Act. We affirm.

### Facts

On August 25, 1998, Michael Hulshouser injured his lower back at work. The next day he reported to his treating physician that he also suffered from a hernia injury. After further medical evaluation, in May 1999, the Fund denied compensability of the hernia injury, alleging it was unrelated to the initial back injury. On appeal to the Texas Workers' Compensation Commission (TWCC), the Fund agreed to compensate for the hernia condition. In November 1999, Hulshouser had surgery to repair the hernia condition. Thereafter, he developed chronic depression and sought compensation for medical expenses for that condition, asserting it was related to complications from the aggravated hernia condition. The Fund denied compensability of that claim, but the TWCC ultimately ordered the Fund to compensate Hulshouser for the depression disorder.

Hulshouser sued the Fund for bad faith in handling his claims and for statutory

causes of action under the Deceptive Trade Practices Act and the Insurance Code. He alleged that the Fund's denial and delay were unreasonable, asserting that the nearly one-year delay in surgery resulted in "permanent disability and pain" that would not have occurred had the medical treatment been timely. He alleged that he "suffered and will continue to suffer severe physical and mental pain, suffering, anguish, impairment and loss of earning capacity." In addition to damages related to the hernia condition, he asserted that the Fund's refusal to pay timely the hospital bill and one doctor bill caused him "a loss of credit."

The trial court granted summary judgment for the Fund on the ground that the exclusivity provision of the Texas Worker's Compensation Act barred the claim for common-law damages related to the hernia condition. In a second order, the trial court dismissed all but one of Hulshouser's remaining claims, on the ground that he had failed to exhaust administrative remedies. Subsequently, Hulshouser nonsuited the one claim remaining after the second order and brought this appeal. Hulshouser does not appeal dismissal of all of his other claims under the second order.

Hulshouser's sole issue on appeal concerns the trial court's unfavorable summary judgment and dismissal of his claims for damages flowing from the allegedly aggravated hernia condition, which states,

> Plaintiff cannot recover herein damages for any harm resulting from Defendant's initial denial of compensability of, or delay in accepting compensability of Plaintiff's hernia condition, or for any delay in medical treatment for such hernia condition because, as a matter of law, such harm is part of, and constitutes a compensable injury and recovery of damages for such harm is precluded by the exclusive remedy provisions of the Texas Workers' Compensation Act.

The trial court went on to specify that Hulshouser could not recover any damages for the Fund's denial of, or delay in, accepting compensability for the "hernia condition," including damages for "pain and suffering, mental anguish, lost earning, loss of earning capacity, impairment and disfigurement." [1]

## Standard of Review

The standard of review for a summary judgment is well established. The movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed issue of material fact, we take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubt in favor of the nonmovant. *Id.*

## Legal Principles

 A primary purpose of the Workers' Compensation Act is to relieve employees injured on the job of the burden of proving their employer's negligence and to provide them prompt remuneration for their on-the-job injuries. *Payne v. Galen Hosp. Corp.*, 28 S.W.3d 15, 17 (Tex.2000). Because of this purpose, the courts have liberally construed the Act in the employee's favor. *Id.*

 A "compensable injury" is one that arises out of and in the course and

---

1. The trial court also explicitly held that Hulshouser could seek damages that did not arise from the hernia condition, including damage to his credit and/or mental anguish resulting directly from a denial of, or delay in, payment of compensation benefits. Hulshouser did not pursue this claim, nor did he appeal dismissal of this claim under the trial court's second order.

scope of employment. TEX. LAB.CODE ANN. § 401.011(10) (Vernon Supp.2004). To fully effectuate the Act's purpose to provide prompt and certain remuneration to injured employees, "course and scope" has been interpreted expansively to include additional injuries that result from treating on-the-job injuries. *Payne,* 28 S.W.3d at 18 (citing *Western Cas. & Sur. Co. v. Gonzales,* 518 S.W.2d 524, 526 (Tex.1975) and *Duke v. Wilson,* 900 S.W.2d 881, 886 (Tex. App.-El Paso 1995, writ denied)). Compensability extends to what has been labeled an "extension injury," which includes "an injury occurring in the probable sequence of events and arising from the actual compensable injury." *Duke,* 900 S.W.2d at 886 (collecting cases). Where disability or death results from medical treatment instituted to cure or relieve an employee from the effects of his injury, it is regarded as having been proximately caused by the injury and is compensable under a claim for workers' compensation. *Id.* (aggravation is regarded as a probable sequence and natural result likely to flow from the injury).

■ In exchange for prompt remuneration to the employee with no burden of proof as to negligence, the benefits under the Act provide the exclusive remedy for on-the-job injuries, prohibiting the employee from seeking common-law remedies from his employer, its agents, and co-employees. *See Darensburg v. Tobey,* 887 S.W.2d 84, 87 (Tex.App.-Dallas 1994, writ denied). The exclusive-remedy provision states,

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer or an agent or employee of the employer for . . . a work-related injury sustained by the employee.

TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996).

■ The Texas Supreme Court had held that the exclusivity provision of the Workers' Compensation Act does not bar a claim against a carrier for breach of the duty of good faith and fair dealing or intentional misconduct in the processing of a compensation claim. *Aranda v. Insurance Co. of N. America,* 748 S.W.2d 210, 214 (Tex.1988). A claimant is permitted to recover when he shows that the carrier's breach of the duty of good faith and fair dealing or the carrier's intentional act is "separate from the compensation claim and produced an independent injury." *Id.* (citing *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 933 (Tex.1983)).

When Miguel Aranda suffered a repetitive stress injury, he filed workers' compensation claims with both of his employers. *Id.* at 211. Both employers' insurance carriers acknowledged that the injury resulted from Aranda's work at either or both workplaces and that the injury was compensable, but both carriers refused to pay benefits or medical expenses until the Industrial Accident Board determined primary responsibility. *Id.* The Court concluded Aranda had pleaded a sufficient factual basis to state a bad-faith claim that was "separate from his compensation claim for his work-related disability," and it noted approvingly that Aranda had alleged damages attributable to the carriers' failure to pay promptly, *i.e.,* losses to credit, reputation, and the ability to maintain a job when his credit was a matter of concern for his employer. *Id.* at 213.

## Analysis and Conclusion

■ Hulshouser argues that the Fund's unreasonable denial and resulting delay in providing compensation aggravated the hernia condition, which constitutes a "separate injury" from the original back hernia

injury, and thus falls within the confines of a bad-faith cause of action as defined in *Aranda*.

■ Our reading of *Aranda* indicates that the Court limited the cognizability of a bad-faith cause of action in this context. Plainly, the carrier's alleged breach of its duty of good faith must be "separate from the compensation claim" and that breach must "produce an independent injury." 748 S.W.2d at 214. It was undisputed that the compensable hernia-related damages included those stemming directly from the allegedly worsened hernia injury, complications from delayed surgery, and increased impairment. In contrast, the cognizable bad-faith cause of action in *Aranda*—that is, the one stating an "independent injury"—was one in which the plaintiff sought damages resulting from the delay in payment, *e.g.*, loss of credit and reputation.

In the instant case, the damages at issue directly related to the hernia condition, and thus any delay by the Fund did not produce an "independent injury" as that term is used in *Aranda*. Accordingly, the trial court did not err in granting summary judgment in favor of the Fund.