Affirmed in part and Reversed and Remanded in part and Opinion filed May
1, 2007








 

Affirmed
in part and Reversed and Remanded in part and Opinion filed May 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00325-CV

____________

 

DANIEL ANTONIO AGUIRRE; LUIS
ANTONIO TURCIOS; JUANA MARIA MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF JOSE DANIEL AGUIRRE, DECEASED, AND AS NEXT FRIEND OF HER MINOR
CHILDREN LUIS ALEJANDRO AGUIRRE MARTINEZ AND JOSE DANIEL AGUIRRE MARTINEZ,
MINORS; MARIA DEL CARMEN BAIRES AGUIRRE; MARIA ELENA LARIN AND ISRAEL ANTONIO
RAMIREZ, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ISRAEL ANTONIO
LARIN, DECEASED, AND MARIA ISABEL RIVAS, AS NEXT FRIEND OF JOHNNY ALEXANDER
AGUIRRE, MINOR,
Appellants

 

V.

 

DORA G. VASQUEZ, AS REPRESENTATIVE
OF THE ESTATE OF JOSE ERNESTO AGUIRRE, Appellee

 



 

On Appeal from the Probate
Court No. 4

Harris County, Texas

Trial Court Cause No. 334833-401

 



 

O P I N I O N








While returning to Texas from a painting job in Nebraska,
four employees of Systems Painters, Inc. and a passenger encountered a blinding
dust storm.  Three of the employees were brothers and the passenger was their
father, who had accompanied them on the job. Their vehicle was hit from behind
by a tractor-trailer driven by an employee of R & S Transport.  As a result
of the collision, the driver and two of the Systems Painters= employees were
killed.  The remaining employee and the passenger suffered serious injuries. 
The injured employee and the families of the deceased employees of Systems
Painters received workers= compensation benefits.  The families and
the injured passengers sued the driver of the tractor-trailer and his employer,
Systems Painters, and the estate of the driver of the vehicle.  They settled
with R & S Transport and its drivers, but Systems Painters filed a summary
judgment motion, which was granted.  The driver=s estate filed a
motion for summary judgment alleging (1) the employees and their families were
barred from recovery by the exclusive remedy defense of the Workers= Compensation Act,
and (2) there was no evidence to support the claim that the driver was
negligent or grossly negligent.  The trial court granted the estate=s summary judgment
motion.  We reverse the trial court=s summary judgment
with regard to the passenger/father=s negligence claim
and remand that claim for trial.  We affirm summary judgment on the remaining
claims.

I.  Factual and Procedural Background

In August, 2002, Jose Ernesto Aguirre (AErnesto@) was driving a
Systems Painters truck from Nebraska to Texas after completing a tape and float
job for Systems Painters.  Ernesto=s passengers were
his two brothers, Jose Daniel Aguirre (AJose@) and Luis Antonio
Turcios (ATurcios@), his father,
Daniel Antonio Aguirre (ADaniel@), and Israel
Antonio Larin (ALarin@).  All the
passengers except Daniel were employees of Systems Painters who had worked on
the tape and float job in Nebraska. 








While in Nebraska, the men encountered a sudden dust storm
that rendered driving conditions hazardous.  Because his visibility was
significantly impaired, Ernesto stopped the truck to wait out the storm.  The
driver of the tractor-trailer, Roger Grove, was driving through the same
storm.  Instead of stopping to wait out the storm, Grove continued to drive,
but reduced his speed to 55 miles per hour.[1] 
Grove saw the outline of the camper on the Systems Painters truck just before
his tractor-trailer collided with the truck.  As a result of the collision,
Ernesto and Jose, two of the three brothers, and Larin were killed.  Turcios
and Daniel survived the collision with serious injuries.

The families of Ernesto, Jose, and Larin collected workers
compensation benefits from Systems Painters= carrier.  Turcios
also collected benefits.  The injured victims and the families of the deceased
victims sued Roger Grove, the driver of the tractor-trailer; his employer, R
& S Transport; Systems Painters; and Ernesto=s estate.  Roger
Grove and R & S Transport settled with the plaintiffs.  Systems Painters
obtained a summary judgment.  Ernesto=s estate filed a
motion for summary judgment, contending the exclusive remedy provision of the
Workers= Compensation Act
(Athe Act@) barred the
claims of Turcios, and Jose=s and Larin=s family members. 
The estate further contended no evidence supported the remaining claims, or in
the alternative, appellant=s claims were precluded as a matter of
law.  The trial court granted summary judgment.

II.  Standards of Review

After adequate time for discovery, a party may move for
summary judgment on the ground that no evidence supports one or more essential
elements of a claim or defense on which an adverse party would have the burden
of proof at trial.  Tex. R. Civ.
P. 166a(i).  A no evidence summary judgment is improper if the non‑movant
presents more than a scintilla of probative evidence to raise a genuine issue
of material fact.  Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d
167, 172 (Tex. 2003).








The movant for traditional summary judgment must show that
no genuine issue of material fact exists and that it is entitled to judgment as
a matter of law.  Tex. R. Civ. P.
166a(c); Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548
(Tex. 1985).  When reviewing a traditional summary judgment, we take as true
all evidence favorable to the non‑movant, and we indulge every reasonable
inference and resolve any doubts in the non‑movant=s favor.  Joe
v. Two Thirty Nine Joint Venture, 145 S .W.3d 150, 157 (Tex. 2004).

III.  Exclusive Remedy of the Workers= Compensation Act

ARecovery of workers= compensation
benefits is the exclusive remedy of an employee covered by workers= compensation
insurance coverage or a legal beneficiary against the employer or an agent or
employee of the employer for the death of or a work‑related injury
sustained by the employee.@  Tex.
Lab. Code ' 408.001(a).  Historically, this exclusive
remedy provision has provided a legislatively‑crafted compromise that
relieves employees of the burden of proving negligence to obtain relief for
workplace injuries, but, in return, they forego any remedies except as may be
provided by the Act.  See Paradissis v. Royal Indemnity Co., 507 S.W.2d
526, 529 (Tex. 1974).  To recover under the Act, an employee must have been
injured in the course and scope of employment.  Payne v. Galen Hosp. Corp.,
28 S.W.3d 15, 17 (Tex. 2000).

A.      The employees
of Systems Painters were in the course and scope of employment at the time of
the accident.








In their first issue, appellants contend the estate failed
to establish course and scope of employment as a matter of law.  ACourse and scope
of employment@ means Aan activity of any
kind or character that has to do with and originates in the work, business,
trade, or profession of the employer and that is performed by an employee while
engaged in or about the furtherance of the affairs or business of the employer.
The term includes an activity conducted on the premises of the employer or at
other locations.@  Tex.
Lab. Code ' 401.011(12).  Transportation to and from
the place of employment is specifically excluded unless A(i) the
transportation is furnished as a part of the contract of employment or is paid
for by the employer; (ii) the means of the transportation are under the control
of the employer; or (iii) the employee is directed in the employee=s employment to
proceed from one place to another place[.]@ Id.  An
employer may be held liable for the act of its employee if the act is done
within the employee=s general authority.  Long v. Turner,
871 S.W.2d 220, 225 (Tex. App.CEl Paso 1993, writ denied).

Although the general rule is that injuries sustained by a
worker while traveling on the public streets or highways are not incurred in
the course and scope of employment, an exception to this general rule applies
when the worker is traveling pursuant to express or implied conditions of his
employment contract.  Meyer v. Western Fire Insurance Company, 425
S.W.2d 628, 629 (Tex. 1968).  An injury incurred while traveling on the highway
will be construed as being within the course and scope of employment, provided
the employee is traveling pursuant to either express or implied terms of his
employment, and provided the employee would have made the trip had there been
no personal or private affairs to be furthered and would not have made it had
there been no business of his employer to be furthered.  Admiral Ins. Co. v.
Palmer, 649 S.W.2d 643, 645 (Tex. App.CCorpus Christi
1983, writ ref=d n.r.e.).

Undisputedly the Systems Painters= employees went to
Nebraska at the direction of Systems Painters and they were returning home at
the direction of Systems Painters.  Also no one disputes that Ernesto was
driving the truck at the direction of his foreman, Turcios.  Turcios was too
tired to drive and specifically instructed Ernesto to drive the company
truck.   Ronald Rhodes, president and founder of Systems Painters, testified in
his deposition that workers are expected to use a company vehicle supplied for the
purpose of traveling to and from a job site.  All of the employees, Rhodes
stated, were Aon the clock@ while traveling
to and from Nebraska.  Further, Rhodes testified that the company policy does
not prohibit a foreman in need of rest from directing another employee to drive
the company vehicle.  

Thus the summary judgment proof conclusively established
that the employer (i) provided the transportation and furnished it as part
of the contract of employment, and (ii) directed the employees in their
employment to proceed from one place to another place.  As a result, the
employees were engaged in the course and scope of employment at the time of the
accident.  See Tex. Lab. Code
' 401.011(12).








This evidence distinguishes this case from the typical
commuter cases because the Systems Painters employees specifically traveled to
Nebraska in furtherance of the business of Systems Painters.  At the time of
the accident, they were traveling back to Texas.  Although they had completed
the tape and float job and were driving home, the drive from Nebraska to Texas
was not a routine commute that appellants would have otherwise made.  Ernesto
and appellants would not have been driving through a dust storm in Nebraska had
there been no business of Systems Painters to be furthered.

Appellants contend that the issue of course and scope of
employment was not established as a matter of law because (1) the trial court
granted Systems Painters= motion for summary judgment, which was Alargely predicated@ on the contention
that the employees were not acting in the course and scope of employment at the
time of the accident, and (2) the affidavit of Scott Blezinger raised a fact
issue with regard to whether the employees were acting in the course and scope
of employment.  

1.       The
previous summary judgment obtained by Systems Painters does not defeat summary
judgment in this instance.

In their brief, appellants state that Systems Painters
obtained summary judgment on a motion that was Alargely predicated@ on the contention
that the employees were not acting in the course and scope of their
employment.  As a result, appellants contend that the issue of course and scope
of employment has been decided.  The record of the Systems Painters motion for
summary judgment has not been made a part of our record.








Appellants bear the burden to bring forward the record of
the summary judgment evidence to provide appellate courts with a basis to
review appellants= claim of harmful error.  See
Enterprise Leasing Co. of Houston v. Barrios, 156 S.W.3d 547, 549 (Tex.
2004).  If the pertinent summary judgment evidence considered by the trial
court is not included in the appellate record, an appellate court must presume
the omitted evidence supports the trial court=s judgment.  Id.
at 550.  Therefore, we presume the record from the Systems Painters motion for
summary judgment supports the trial court=s summary judgment
in favor of appellee.  Further, it is not clear from our record that Systems
Painters obtained summary judgment on the ground that the employees were not in
the course and scope of employment.

2.       The
affidavit of Scott Blezinger does not defeat the finding that the
employees were in the course and scope of employment.

Blezinger is the safety director for Systems Painters.  In
his affidavit, he stated that Turcios was the only person authorized to drive
the vehicle in question and that he was not authorized to permit another person
to drive.  He further stated that Systems Painters never intended to pay
Ernesto for driving the vehicle back to Texas.  However, the fact that Ernesto
was not paid or authorized to drive the vehicle does not bear on the exceptions
enunciated in the Act.  Nothing in Blezinger=s affidavit
contradicts the summary judgment proof that (1) the transportation was
furnished and paid for by the employer and (2) the employees were directed in
their employment to proceed from one place to another.  Further, the affidavit
does not contradict the summary judgment proof that the employees were engaged
in the furtherance of Systems Painters= business.  The
estate conclusively established the Systems Painters= employees were
acting in the course and scope of employment.

B.      By
Accepting Workers= Compensation Benefits for Injuries
Sustained While in the Course and Scope of Employment, Appellants Waived Their
Common-law Claims.








Appellants next contend that the mere receipt of workers= compensation
benefits alone is insufficient to establish an exclusivity defense.  In
exchange for prompt remuneration to the employee with no burden of proof as to
negligence, the benefits under the Act provide the exclusive remedy for on‑the‑job
injuries, prohibiting the employee from seeking common‑law remedies from
his employer, its agents, and co‑employees.  Hulshouser v. Texas
Workers= Compensation Ins. Fund, 139 S.W.3d 789,
792 (Tex. App.CDallas 2004, no pet.).  An employee waives his right
of action at common law to recover damages for personal injuries or death
sustained in the course and scope of employment.  Tex. Lab. Code ' 406.034(a).  An
employee who desires to retain the common-law right of action to recover
damages shall notify the employer in writing that the employee waives coverage
no later than the fifth day after the employee begins employment, or after the
employee receives notice that the employer has retained workers= compensation
insurance.  Id. ' 406.034(b).  There is no evidence in the
record to show that any of the appellants retained their common-law right of
action by waiving workers= compensation coverage.  Therefore, any
claims by Turcios are barred by the Act.  

Moreover, the Act bars the survival claims for compensatory
damages asserted by Jose=s estate and Larin=s estate and the
wrongful death claims for compensatory damages asserted by Jose=s wife and
children, Jose=s mother, and Larin=s parents. 
Section 408.001 of the Labor Code precludes employees or families of employees
who have received Workers= Compensation benefits from asserting a
common law claim for those injuries.  See Tex. Lab. Code ' 408.001.  The Act
also bars actions for compensatory damages under the Wrongful Death Act or the
Survival Statute because those claims are derivative of the decedent=s claim.  Russell
v. Ingersoll-Rand Co., 841 S.W.2d 343, 345B48 (Tex. 1992).

Appellants cite several cases in which they contend the
receipt of workers= compensation benefits alone does not
establish an election of remedies.  Those cases are distinguishable from this
case in that they either address intentional torts or fact situations in which
the employees were not determined to be in the course and scope of employment. 
See Ramirez v. Pecan Deluxe Candy Co., 839 S.W.2d 101 (Tex. App.CDallas 1992, writ
denied); Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d 848 (Tex. 1980); McKinney
v. Air Venture Corp., 578 S.W.2d 849 (Tex. Civ. App.CFort Worth 1979,
writ ref=d n.r.e.); Ward
v. Wright, 490 S.W.2d 223 (Tex. Civ. App.CFort Worth 1973,
no writ).  Appellants waived their common-law rights by failing to waive
workers= compensation
coverage under the Act.  The Act provides the exclusive remedy for appellants
against Systems Painters or an employee of Systems Painters.

IV.  Appellants Presented No Evidence of Gross Negligence








The Act does not prohibit recovery of exemplary damages by
the surviving spouse or heirs of the body of a deceased employee whose death
was caused by an intentional act or omission of the employer or by the employer=s gross
negligence.  Tex. Labor Code ' 408.001(b); Perez
v. Todd Shipyards Corp., 999 S.W.2d 31, 33 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied).  Therefore, the gross negligence claim for exemplary
damages filed by Jose=s family members survives the exclusivity
provision of the Act.  Daniel=s gross negligence claim survives as well
because he was not an employee of Systems Painters at the time of the
accident.  

In its motion for summary judgment, the estate asserted
that the record contained no evidence of gross negligence or that no genuine
issue of material fact existed as to whether Ernesto was grossly negligent. 
Appellants contend the trial court improperly granted summary judgment on the
gross negligence claims because some evidence of gross negligence exists, or,
in the alternative, the summary judgment proof raised a fact issue with regard
to gross negligence.

A no-evidence summary judgment is improperly granted if the
respondent brings forth more than a scintilla of probative evidence to raise a
genuine issue of material fact.  Tex. R.
Civ. P. 166a(i); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751
(Tex. 2003).  Less than a scintilla of evidence exists when the evidence is so
weak as to do no more than create a mere surmise or suspicion of a fact.  King
Ranch, 118 S.W.3d at 751.  More than a scintilla of evidence exists when
the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.  Id.  








Gross negligence is defined as an entire want of care,
which would raise the belief that the act or omission complained of was the
result of a conscious indifference to the rights or welfare of the person or
persons to be affected by it.  Universal Servs. Co., Inc. v. Ung, 904
S.W.2d 638, 640 (Tex. 1995).  Gross negligence has both an objective and a
subjective component.  Transportation Ins. Co. v. Moriel, 879 S.W.2d 10,
21B22 (Tex. 1994). 
Viewed objectively, the defendant=s conduct must
create Aan extreme degree
of risk,@ which is a
function of both the magnitude and the probability of the potential injury.  Id. 
This component is not satisfied unless the defendant=s conduct creates
the Alikelihood of
serious injury@ to the plaintiff.  Id.  To assess the degree
of risk, we review the evidence objectively from the actor=s standpoint.  Mobil
Oil Corp. v. Ellender, 968 S.W.2d 917, 921 (Tex. 1998).  The subjective
component requires the defendant have Aactual, subjective
awareness@ of the extreme risk involved, but nevertheless
proceed in Aconscious indifference to the rights, safety, or
welfare of others.@  Moriel, 879 S.W.2d at 23.  Actual
awareness means that the defendant knew about the peril, but his acts or
omissions demonstrated that he did not care.  Mobil Oil Corp., 968
S.W.2d at 921.

In reviewing summary judgment proof of gross negligence, we
consider whether the proffered evidence, as a whole and viewed in the light
most favorable to the non-movant, rises to a level that would enable reasonable
and fair‑minded people to differ in their conclusions.  See Lee Lewis
Constr. v. Harrison, 70 S.W.3d 778, 785 (Tex. 2001).  Some evidence of
simple negligence is not evidence of gross negligence; conversely, some
evidence of care does not defeat a gross‑negligence finding.  Id. 
In examining the proof on the subjective component, the courts focus on the
defendant=s state of mind, examining whether the defendant knew
about the peril but acted in a way that demonstrates he did not care about the
consequences to others.  Tex. Dept. of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 232 (Tex. 2004). 

As evidence of gross negligence, appellants refer to the
summary judgment proof attached to their response, which included the affidavit
of Thomas M. Grubbs, an expert in accident reconstruction; the depositions of
Jeff Boston, the investigating officer; Daniel, Turcios; Roger Grove; Ronald
Rhodes; and Wesley Horn, a California police officer who was driving in the
area at the time of the accident.  Appellants argue that the testimony,
affidavits, and photographs of the accident scene establish that raised
portions of the highway alerted drivers when they were off of the highway and
on the shoulder.  Undisputedly the truck stopped in the left lane of the
highway, not on the shoulder.  Based on this fact, appellants contend the
summary judgment proof shows that Ernesto did not exercise ordinary care in
stopping the vehicle in a moving lane of traffic instead of moving the truck to
the side of the road.








The expert, Grubbs, opined in his affidavit that he did not
believe the testimony of the survivors of the accident that Ernesto thought he
had stopped on the shoulder of the road instead of the main lane of the
highway.  Grubbs supported this conclusion with the fact that others had
testified that the white fog line on the side of the highway was visible and
the shoulder of the highway included rumble strips that would notify a driver
that he was on the shoulder.  Grubbs further opined that AThe decision to
voluntarily stop in a lane of an interstate highway is grossly negligent.  This
action goes far beyond anything a person utilizing ordinary care would be
expected to do.@

However, Grubbs=s statement that
stopping in a moving lane of traffic was voluntary and grossly negligent is
conclusory; therefore, it is not proper summary judgment proof.  Rule 166a(f)
requires that Asupporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would be admissible in
evidence, and shall show affirmatively that the affiant is competent to testify
to the matters stated therein.@  Tex.
R. Civ. P. 166a(f).  Conclusory statements in an affidavit unsupported
by facts are insufficient to support or defeat summary judgment.  Wadewitz
v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997).  A conclusory statement is
one that does not provide the underlying facts to support the conclusion.  1001
McKinney v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20, 27
(Tex. App.CHouston [14th Dist.] 2005, pet. denied).  Because
Grubbs failed to state facts to support his conclusion of gross negligence,
that portion of his affidavit is conclusory.  See id.  








In our view, the summary judgment proof is sufficient to
raise a fact question on simple negligence, but it does not create a fact
question on gross negligence.  What separates ordinary negligence from gross
negligence is the defendant=s state of mind; in other words, the
plaintiff must show that the defendant knew about the peril, but his acts or
omissions demonstrate that he did not care.  Louisiana-Pacific Corp. v.
Andrade, 19 S.W.3d 245, 246B47 (Tex. 1999).  A plaintiff may establish
the defendant=s mental state by circumstantial evidence.  See
Mobil Oil Corp., 968 S.W.2d at 921.  The evidence shows that Ernesto was
not used to driving under the conditions he and his passengers encountered. 
Larin told Ernesto to pull off the road.  Testimony shows that the passengers
felt the car move to the left as if to pull off the road.  Moreover, testimony
established that none of the drivers traveling through this part of the storm could
see beyond the hood of their own transport.  The driving conditions were
ferociously difficult for all drivers.

Appellants produced no evidence when viewed from Ernesto=s standpoint, that
shows his conduct created a likelihood of serious injury or posed an extreme
degree of risk.  Appellants produced no evidence to support an inference that
Ernesto was aware he had stopped on the highway, or was aware of the peril in
which he had placed himself, his brothers, and his father, but did not care
about the danger.  Therefore, summary judgment is proper on the gross
negligence claims of Jose=s family members and Daniel.

V.  Daniel=s Deposition Testimony does not
Conclusively Establish that

Ernesto was not Negligent

The remaining cause of action is Daniel=s negligence claim
against the estate.  Appellants contend Ernesto was negligent in stopping the
truck in a moving lane of the highway and that his negligence proximately
caused the accident.  The estate contends that it has conclusively established
through Daniel=s deposition testimony that Ernesto exercised a degree
of ordinary care and that his conduct was not the proximate cause of the
accident.  In his deposition, Daniel was asked, ADo you think
Ernesto did anything to cause this accident?@  He was also
asked, ADo you blame
Ernesto for this accident?@  Daniel=s response to both
questions was, ANo.@  The estate
contends that Daniel=s deposition testimony rises to the level
of a judicial admission and conclusively establishes that Ernesto was not
negligent and that Ernesto=s conduct did not proximately cause the
accident.

A.      Deposition
testimony is a quasi-admission.








A party=s testimonial declaration, which is
contrary to its position, is a quasi‑admission.  Mendoza v. Fidelity
& Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980).  A
quasi‑admission is merely some evidence, and not conclusive, upon the
person making the admission.  Id.  The trier of fact determines the amount
of weight to be given to such admissions.  Id.  A quasi‑admission
is distinguishable from a true judicial admission, which is a formal waiver of
proof usually found in pleadings or the parties= stipulations.  A
judicial admission is conclusive on the party making it, and relieves the
opposing party of its burden of proving the admitted fact.  Id.  Any
fact so admitted is conclusively established in the case without the
introduction of the pleading or presentation of other evidence.  See id. 
It not only relieves the opposing party from proving the admitted fact but bars
the admitting party from disputing it  Id.

As a matter of public policy, a party=s testimonial
quasi‑admission will be treated as a true judicial admission if the
following occur: 

(1) the declaration relied upon was made during the course of a
judicial proceeding; 

(2) the statement is contrary to an essential fact embraced in the
theory of recovery or defense asserted by the person giving the testimony; 

(3) the statement is deliberate, clear, and unequivocal (the hypothesis
of mere mistake or slip of the tongue must be eliminated);

(4) the giving of conclusive effect to the declaration will be
consistent with the public policy upon which the rule is based;

(5) the statement is not also
destructive of the opposing party=s theory of
recovery. 

Id.  The policy
underlying this rule is that it would be unjust to permit a party to recover
after it has negated its right to recover by clear, unequivocal evidence.  Daimler-Benz
Aktiengesellschaft v. Olson, 21 S.W.3d 707, 719 (Tex. App.CAustin 2000, pet.
dism=d w.o.j.), cert.
denied, 535 U.S. 1077 (2000).  

B.      Daniel=s testimony does
not conclusively negate a negligence cause of action.








The elements of a negligence cause of action are the
existence of a legal duty, a breach of that duty, and damages proximately
caused by the breach.  D. Houston, Inc. v. Love, 92 S.W.3d 450, 454
(Tex. 2002).  The plaintiff must establish both the existence and the violation
of a duty owed to the plaintiff by the defendant to establish liability in
tort.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 
The existence of duty is a question of law for the court to decide from the
facts surrounding the occurrence in question.  Id.  To establish breach
of duty, the plaintiff must show either that the defendant did something an
ordinarily prudent person exercising ordinary care would not have done under
those circumstances, or that the defendant failed to do that which an
ordinarily prudent person would have done in the exercise of ordinary care.  Caldwell
v. Curioni, 125 S.W.3d 784, 793 (Tex. App.CDallas 2004, pet.
denied).  The resolution of a defendant=s possible breach
of duty is a question of fact.  Id.

In some cases, courts have found that testimony met the
requirements of Mendoza, and eliminated what would have otherwise been a
fact issue.  Those courts, however, have limited their holdings to facts that
were admitted, and did not address specific claims that relied on those facts. 
See e.g., Cortez v. Weatherford I.S.D., 925 S.W.2d 144 (Tex. App.CFort Worth 1996,
no writ) (party=s deposition testimony that school bus
warning lights were operating conclusively established that lights were on at
the time of the accident); Hodges v. Braun, 654 S.W.2d 542, 544 (Tex.
App.CDallas 1983, writ
ref=d n.r.e.) (parties= testimony that
they were partners conclusively established that fact), but see Vogel
v. Greenblatt, 05-94-01966-CV; 1996 WL 479645 (Tex. App.CDallas August 20,
1996, writ denied) (party=s testimony that his opponent did not owe
him a fiduciary duty was a quasi-admission and not a judicial admission).  If
certain testimony meets the requirements to be treated as a judicial admission,
the courts treat the admission of that fact as conclusively established.








In this case, Daniel=s testimony does
not meet these requirements.  His testimony was not contrary to an essential
fact embraced in the theory of recovery.  Daniel testified as to his personal
opinion of his son=s driving on the day of the storm.  He did
not testify as to what an ordinarily prudent person would have done in the
exercise of ordinary care, nor did he purport to be qualified to make such a
statement.  Further, there is no showing that Daniel understood the duty owed
by Ernesto or that he intended to swear himself out of court by stating his son
did nothing wrong or by failing to blame his son for the accident.  In
addition, we can ascertain, even from the few excerpts we have of Daniel=s testimony that
English is not his first language, and it also appears that he may not be
completely fluent in English.  Neither question clearly asks him to concede his
position, and the second question B whether he blamed
his son B is so laden with
amorphous emotional undercurrents it would be unfair to hold that his answer
met the exacting standards of a judicial admission.  He may have to confront
this issue at trial, and most certainly would have to explain these answers at
trial, but we are unwilling to hold on this summary judgment record that he
sufficiently conceded his position for it to amount to a judicial confession.  

At most, Daniel=s testimony raised
a genuine issue of material fact on his negligence cause of action.  Therefore,
summary judgment was not appropriate on Daniel=s negligence cause
of action.

VI.      Conclusion

As to Daniel=s negligence cause
of action, we reverse the summary judgment and remand for proceedings
consistent with this opinion.  In all other aspects, the judgment of the trial
court is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 1, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

 









[1]  The speed limit on that area of the interstate
highway was 75 miles per hour.