**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 10-20630

Lyle W. Cayce
Clerk

MICHAEL EFFINGER,

Plaintiff-Appellant

v.

CAMBRIDGE INTEGRATED SERVICES GROUP; NEW HAMPSHIRE
INSURANCE COMPANY; PENNY JAY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No: 4:09-CV-02326

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

The original opinion in this matter was issued by the panel on August 30, 2011. Appellant's petition for panel rehearing is now GRANTED IN PART. Accordingly, we WITHDRAW our previous opinion and replace it with the following opinion.

This appeal stems from a workers' compensation claim from Plaintiff-Appellant Michael Effinger ("Effinger"). Effinger alleges Defendants-Appellees

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20630

Cambridge Integrated Services Group ("Cambridge"), New Hampshire Insurance Co. ("New Hampshire"), and individual insurance adjuster Penny Jay violated a common law duty of good faith and fair dealing, various subsections of the Texas Insurance Code ("TIC"), and the Texas Deceptive Trade Practices Act ("DTPA"). The district court held that Effinger lacked standing under the TIC and DTPA and that the Appellees had acted in good faith. We AFFIRM.

I

A truck driver for Old Dominion Freight Line, Effinger suffered a back injury while lifting a dolly at work. Effinger reported the injury to his supervisor and filed a workers' compensation claim with the Appellees. A physician's assistant initially diagnosed Effinger's injury as a hip strain. Shortly after the initial diagnosis, Effinger saw a doctor who diagnosed Effinger with a herniated disc in his back, which pressed on his nerve root and caused pain to radiate down his right leg into his foot. Because of the initial diagnosis of Effinger's injury as a hip strain, an issue arose as to whether Effinger's compensable injury included his herniated disc. After seeing several physicians, Effinger argued that his work-related injury included the medical condition related to his back. The Appellees sent Effinger to a doctor appointed by the Texas Workers' Compensation Commission for an evaluation. Cambridge then filed a notice of compensability dispute and denial, which contested Effinger's claim for benefits related to his back injury. Effinger hired an attorney to contest the denial. The parties met and discussed the matter several times before reaching a "benefit settlement agreement." In this agreement, Cambridge agreed to pay for Effinger's back treatment.

After Effinger and Cambridge entered into the benefits settlement agreement, and Effinger had received the promised benefits, Effinger sued the Appellees in Texas state court. The Appellees removed the case to federal court. Effinger's lawsuit alleged that the defendants had violated Sections 541.060 and

No. 10-20630

541.061 of the TIC as well as the DTPA.  Effinger also alleged that the Appellees had breached their duty of good faith and fair dealing.  Effinger sought punitive damages for this claim.

The Appellees moved for summary judgment, which the district court denied.  Effinger then proceeded to a jury trial.  After hearing Effinger's expert witness testimony and a proffer of Effinger's and his wife's testimony, the district court dismissed Effinger's claims under Rule 50 of the Federal Rules of Civil Procedure.  The court concluded that Effinger lacked contractual privity with the Appellees and therefore, Effinger did not have standing to bring claims under the DTPA and Sections 541.060–.061 of the TIC.  The court dismissed Effinger's duty of good faith claim.  The court concluded that the evidence did not demonstrate that the Appellees had unreasonably denied Effinger benefits to which he was entitled.  In addition, the court decided that Effinger's breach of good faith claim failed because the injuries caused by the purported delay were not separate or distinct from the injuries covered by Effinger's workers' compensation benefits.  Effinger appealed.

II

We use a de novo standard of review when considering a district court's ruling on a motion for judgment as a matter of law.  *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009).  Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party."  FED. R. CIV. P. 50(a).  "We are to review the record as a whole, drawing all reasonable inferences in favor of the nonmoving party and without making credibility determinations or weighing the evidence."  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001).

No. 10-20630

A

First, Effinger contends that the district court erred in finding that he lacked standing to sue under Sections 541.060 and 541.061 of the TIC. Effinger brings to our attention the Texas Supreme Court's recent decision in *Texas Mutual Ins. Co. v. Ruttiger*, No. 08-0751, 2011 WL 3796353 (Tex. Aug. 26, 2011). In *Ruttiger*, the court discussed whether TIC Sections 541.060 and 541.061 are inconsistent with the Texas Workers' Compensation Act ("TWCA"), an act which "demonstrat[es] Legislative intent for there to be no alternative remedies." *Id.* at *12. The court reached different conclusions for the two TWCA sections, holding that a workers' compensation plaintiff "may not assert a cause of action under section 541.060," but that Section 541.061 on the other hand "does not evidence intent that it be applied in regard to settling claims [and] is not at odds with the dispute resolution process of the workers' compensation system." *Id.* at *13. Though the court ultimately disposed of the plaintiff's claims on the merits, Texas law after *Ruttiger* is clear: workers compensation plaintiffs do not have standing to sue under 541.060, but claims under 541.061 are not precluded by the TWCA. Accordingly, the district court was correct to deny standing to Effinger on his unfair settlement practices claim under TIC Section 541.060, but incorrect in ruling that Effinger lacked standing on his misrepresentation claim under Section 541.061.

Effinger's 541.061 claim nevertheless fails. The district court concluded, alternatively, that Effinger failed to adduce legally sufficient evidence of misrepresentation, and our review of the record  confirms this conclusion. Effinger contended at the district court that Appellees misrepresented the scope of coverage by representing that they would promptly pay for compensable injuries. But a policy's promise to promptly compensate does not become a misrepresentation merely because an insurance carrier disputes whether an injury is compensable and delays payment. Neither does a carrier's statement

4

No. 10-20630

to the insured that coverage is denied amount to actionable misrepresentation merely because it is later determined that coverage was appropriate. Section 541.061 contemplates, in contrast, situations where a carrier represents "specific circumstances" which will be covered and subsequently denies coverage. *See United States Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Texas Farmers Ins. Co.*, 645 S.W.2d 775, 776-77 (Tex. 1983)). The district court was correct to conclude that the insurance carrier in this case made no misrepresentations in violation of Section 541.061.

Second, Effinger asserts that the district court erroneously concluded that he lacked standing as a "consumer" under the DTPA. We need not engage this inquiry. Effinger's DTPA claim, as pleaded, was dependent on his TIC claims. Because his claim under Section 541.060 fails for lack of standing and his claim under Section 541.061 fails for lack of a misrepresentation, Effinger's DTPA claim fails as well. *See Ruttiger*, 2011 WL 3796353 at *13.

B

Effinger also alleges that the Appellees breached their duties of good faith and fair dealing by refusing to properly investigate his claim and by denying him benefits. In Texas, "an insurer has a [common law] duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). To succeed on a claim alleging bad faith dealing by an insurance company, a plaintiff must establish: "(1) the absence of a reasonable basis for denying payment of the benefits of the policy, and (2) the carrier knew or should have known there was not a reasonable basis for denying the claim or delaying payment of the claim."[1] *Jones*

---

[1] Some Texas appellate courts have recognized a separate and distinct injury requirement as a third element of the breach of good faith claim. *See Hulshouser v. Tex. Workers' Compensation Ins. Fund*, 139 S.W.3d 789, 792 (Tex. App.–Dallas 2004, no pet.). The district court relied, in part, on this prong when that court dismissed Effinger's bad faith claim. We do not address this element because Effinger does not satisfy the other

5

No. 10-20630

*v. Ill. Emp'rs Ins. of Wausau*, 136 S.W.3d 728,744 (Tex. App.–Texarkana 2004, no pet.); *Gonzales v. Tex. Workers' Compensation Fund*, 950 S.W.2d 380, 382 (Tex. App.–Houston [14th Dist.] 1997, no writ); *see also* 75 TEX. JUR. 3d *Workers' Compensation* § 129 (2000).

Effinger's appeal of this issue fails for two reasons. First, in his brief, Effinger neglected to challenge the district court's conclusions as to the Appellees' reasonable investigation and reasonable delay in payment. A failure to challenge an issue on appeal constitutes a waiver of that issue. *Bailey v. Shell W.E & P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010). Regardless of Effinger's inability to properly preserve this issue for appeal, the record demonstrates that the district court correctly decided this claim. The Appellees had a reasonable basis for initially denying Effinger's claim because Effinger was originally diagnosed with a hip, not a back, injury. Thus, the Appellees reasonably delayed payment of the claim until they could properly investigate the discrepancy. Further, the Appellees acted reasonably because the Appellees paid Effinger income benefits without disruption, consistently granted preauthorization for medical treatment, and paid submitted medical bills. Thus, the district court did not err when it concluded the Appellees had not acted in bad faith.

III

For the foregoing reasons, we AFFIRM the district court's judgment.

---

prerequisites for this cause of action.