# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10713

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2019

Lyle W. Cayce
Clerk

UNIVERSITY BAPTIST CHURCH OF FORT WORTH,

  Plaintiff - Appellant

v.

YORK RISK SERVICES GROUP INCORPORATED,

  Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-962

Before STEWART, Chief Judge, and JONES, and OWEN, Circuit Judges.

PER CURIAM:*

This case involves an insurance dispute between University Baptist Church of Fort Worth ("UBC") and an insurance adjuster, York Risk Services.[1] UBC appeals from the district court's dismissal of its claims on a Fed. Rule Civ. Pro. 12(b)(6) motion, and the church maintains that it adequately alleged violations of the Texas Insurance Code and the Deceptive Trade Practices Act

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The court also heard oral argument in the related case between UBC and Lexington Insurance Company. *See University Baptist Church of Fort Worth v. Lexington Insurance Company*, No. 18-11415 (N.D. Tex. filed Nov. 1, 2018).

No. 18-10713

("DTPA").  Finding no reversible error of fact or law, we AFFIRM the district court's judgment.

The dispute in this case concerns how the insurance adjuster[2] and adjusting company (York) handled UBC's insurance claim for municipal code upgrade work under the insurance policy's code and ordinance endorsement. Following storm damage to the church's tile roof, UBC submitted a claim with its insurance company, Lexington.  In addition to coverage for storm and other damage, the insurance policy included a code and ordinance endorsement, which covered up to $250,000 for any repairs deemed necessary to bring the building into compliance with city building codes.  The City of Fort Worth required UBC to do code upgrade work, which was performed by the church's roofer, Jeff Eubank Roofing.  Because Eubank initially submitted a fixed bid for about $286,000, the church claims it could have had the work completed for $35,798 in out-of-pocket costs over and above the policy limit.  The church asserts that Eubank was willing to honor its fixed bid.  But the adjuster, realizing that Eubank's bid was seriously deficient, instead directed the roofer to perform the work on a time-and-materials basis due to the unique nature of the construction.  As a result, although the insurance company fulfilled its obligation and paid the policy limit, the church eventually had to pay an additional $614,148.49 in out-of-pocket costs.

UBC contends that York's actions denied it the benefit of the original bargain with Eubank and that York violated various provisions of the Texas Insurance Code and DTPA.[3]  UBC alleged that York violated four sections of

---

[2] The adjuster was Kevin Forman, a York employee, who was dismissed without prejudice for non-diversity once the case was removed to the federal forum.

[3] The district court properly dismissed UBC's additional theory, concluding that any promises alleged by UBC were too indefinite to support offensive promissory estoppel.

No. 18-10713

the Insurance Code: §§ 541.060(a)(1), 541.060(a)(2), (a)(3), and (a)(7).  These provisions, as codified at the time the case was filed, provide as follows.  Section 541.060(a)(1) prohibits:  "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."  Tex. Ins. Code § 541.060 (Lexis Advance 2016).   The relevant portion of Section 541.060(a)(2) sanctions: "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear . . . ."  *Id.*  Section 541.060(a)(3) prohibits: "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."  *Id.*  Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."  *Id.*

The DTPA provision at issue is Section 17.50(a)(4) which provides that: "[a] consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish: . . . the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code."  Tex. Bus. & Com. Code Ann. § 17.50(a)(4) (Lexis Advance 2017)).[4]  A violation of this Section, as pled by UBC, requires an underlying violation of the Insurance Code, and so the DTPA claim will rise or fall based on the Insurance Code claims.  *See Effinger v. Cambridge Integrated Servs. Grp.*, 478 Fed. Appx. 804, 807 (5th Cir. 2011) (where DTPA claim was dependent upon Chapter 541 claims, when such claims failed, the DTPA claim also failed).

---

[4] On appeal, UBC has purposefully waived two of its three DTPA claims, choosing instead to focus on only § 17.50(a)(4).

No. 18-10713

The district court dismissed UBC's claims on a Rule 12(b)(6) motion, reasoning that adjusters are not covered by the relevant sections of the Code; that UBC failed to adequately plead claims under the Code; that UBC failed to satisfy Rule 9(b) as to the DTPA allegations; and that any promise made was too vague and indefinite to support offensive promissory estoppel.

This court reviews rulings on motions to dismiss *de novo*, under the same standards applicable to the district court. *See Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 670 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The court need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

On appeal, UBC presses the same arguments offered below and provides no new legal arguments or factual allegations on which the district court did not rule.[5] We heard oral arguments on this appeal and have studied the briefs and relevant portions of the record. Assuming, without deciding, that insurance adjusters can be held liable under the Texas Insurance Code for the types of violations alleged by UBC, we agree with the district court's judgment that UBC has failed to state any claim upon which relief could be granted.

---

[5] While UBC expands its discussion of the facts on appeal, the Amended Complaint is quite barebones and consists primarily of reciting the elements of the various statutory prohibitions.

No. 18-10713

UBC failed to allege that York misrepresented a "material fact" about policy coverage, as described in Section 541.060(a)(1). None of York's actions reflected lack of good faith in effectuating a prompt, fair and equitable settlement of UBC's claim, per Section 541.060(a)(2). Under UBC's allegations, York did not fail to provide a "reasonable explanation…for the denial of a claim," because there was no denied claim, per Section 541.060(a)(3). And York did not "refus[e] to pay a claim" as proscribed by Section 541.060(a)(7). Moreover, the sole remaining DTPA claim, being derivative of Insurance Code claims, is also insufficient.

Finding no reversible error of fact or law, we **AFFIRM** the district court judgment for essentially the reasons articulated by that court.